UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/2021
```

LEONARDO ELECTRONICS US INC.,

Petitioner,

-against-

NOMIR MEDICAL TECHNOLOGIES, INC.

Respondent.

1:20-cv-07773 (MKV)

ORDER GRANTING
SUMMARY JUDGMENT

MARY KAY VYSKOCIL, United States District Judge:

Petitioner Leonardo Electronics US Inc., f/k/a Selec Galileo Inc., filed a petition [ECF No. 1] to confirm an arbitration award issued by the International Centre for Dispute Resolution ("ICDR") against Respondent Nomir Medical Technologies, Inc.  *See* Petition at 1 ("Nature of Proceeding").  In May 2017, Petitioner commenced the arbitration, alleging that Respondent has wrongfully terminated a licensing agreement for Respondent's laser technology.  Petition ¶¶ 11, 15.  The Parties had previously entered into the agreement—the Exclusive Alliance Agreement ("EAA")—and jointly created business plans to develop and commercialize a laser capable of eliminating certain drug-resistant organisms.  Petition ¶¶ 11-14.  Petitioner claims that Respondent wrongly terminated the EAA while the product was undergoing "human pilot studies."  Petition ¶ 14.

On August 11, 2020, the ICDR arbitration panel issued a 76-page award (the "Arbitration Award") in favor of Petitioner.  First, the ICDR Panel found that Respondent had no basis to terminate the EAA and, as a result, ordered that Respondent pay damages of $3,105,861, constituting Petitioner's "reliance" damages or "out-of-pocket" costs, plus interest at the New York state statutory rate (*i.e.*, 9%) from the date of Respondent's purported termination until the award was paid.  *See* Arbitration Award, ECF No. 16-1, at 67, 76.  Second, the ICDR Panel

ordered that Respondent would pay Petitioner's costs, excluding attorney's fees, and all costs of the arbitration, including fees and expenses of the ICDR and compensation for the arbitrators, altogether totaling $3,309,559.89.. *Id.* at 69-76.[1]  The ICDR panel ordered that Respondent must pay interest at the New York statutory rate on the costs and expenses award, beginning with the date of the award through the date it was paid. *Id.* at 76.  In sum, Respondent was ordered to pay $6,415,420.89 plus interest as set forth above. *Id.*

On November 11, 2020, Petitioner filed a motion for default judgment in this action, seeking an order confirming the Award. See ECF Nos. 15-19.  Respondent was served with Petitioner's motion papers on December 8, 2020.  *See* Affidavit of Service, ECF No. 19.  The Court then issued an Order to Show Cause on December 16, 2020, directing Respondent to show cause why judgment should not be entered against is.  *See* Order to Show Cause, ECF No. 20. The Court's Order, along with another copy of the motion papers, was served on Respondent on December 21, 2020.  *See* Affidavit of Service, ECF No. 21.

The Court held a hearing on the motion on February 3, 2021, at which only Petitioner appeared.  Respondent has not appeared in this action or taken any effort to respond to the Petition or otherwise to defend against Petitioner's claims.

Petitioner's motion seeks a default judgment that confirms the Arbitration Award. However, the Second Circuit has noted that "default judgments in confirmation/vacatur proceedings are generally inappropriate."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006).  This largely is because the confirmation petition is accompanied by a record and the findings of the arbitration panel.  *Id.*  Where "the non-appearing party appeared in the underlying arbitration proceeding," Federal Rule of Civil Procedure 55, which governs motions for default

---

[1] Petitioner contended, and the ICDR Panel agreed, that the Parties' EAA included a "no fee-shifting provision," which barred the award of attorney's fees.  *See* Arbitration Award at 68.

judgments, "does not provide the appropriate mechanism for considering a petition to confirm an arbitration award . . . ." *Korean Trade Ins. Corp. v. Eat It Corp.*, No. 14-cv-3456, 2015 WL 1247053, at *3 (E.D.N.Y. Mar. 16, 2015). Instead, the Court should base judgment on the entirety of the record available to it, and not simply on the motion papers. *Gottdiener*, 462 F.3d at 109. Because Respondent participated in the underlying ICDR arbitration, and because the record of that proceeding (*i.e.* the parties' agreement and the Arbitration Award itself), the Court construes Petitioner's motion for a default judgment as "an unopposed motion for summary judgment" to confirm the Arbitration Award. *Korean Trade Ins. Corp.*, 2015 WL 1247053, at *3.

Despite construing the motion as seeking summary judgment, the Court's review of an arbitration award is narrow. "Confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,' and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Gottdiener*, 462 F.3d at 110 (first quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984), and then quoting, 9 U.S.C. § 9). "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Service Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

The Court has jurisdiction over the Petition pursuant to 9 U.S.C. section 203. The Court carefully has reviewed the Petition and supporting materials and concludes that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as there is "more than a barely colorable justification for the outcome reached." *Gottdiener*, 462 F.3d at 110. In particular, based on the record laid out in the Arbitration Award, there is at least "colorable justification" for the ICDR Panel's findings that Petitioner "did not cease material development and commercialization" of Respondent's licensed technology and that, as a result,

Respondent breached the EAA when it tried to terminate it.  *See* Arbitration Award at 57-58.

Petitioner also has asserted that no motion to modify, vacate, or correct the award was made

within the statutory period for doing so.  *See* Declaration of Jeffrey A. Rosenthal in Support of

Motion for Default Judgement, ECF No. 16 ("Rosenthal Decl."), ¶ 15.  As a result, any defense

to confirmation of the award has been forfeited by Respondent.  *Florasynth, Inc. v. Pickholz*, 750

F.2d 171, 175 (2d Cir. 1984).

  As a result, the Court grants summary judgment for Petitioner to the extent of confirming

the Arbitration Award.  Specifically, as set out in the Arbitration Award, Petitioner is entitled to

judgment of $6,415,420.89, plus interest at the New York state statutory rate.[2]  As of the date of

this Order, that amount is $7,654,997.25.  Interest on this amount shall accrue in accordance with

28 U.S.C. section 1961.

## CONCLUSION

  For the foregoing reasons, the Court construes Petitioner's Unopposed Motion for a

Default Judgment as an Unopposed Motion for Summary Judgment, consistent with Second

Circuit precedent.  The Motion is GRANTED and the Arbitration Award is hereby confirmed.

The Clerk of Court respectfully is requested to enter judgment for Petitioner in the amount of

$7,654,997.25, to terminate all pending motions, and to close the case.


SO ORDERED

Date:  **February 3, 2021**
   **New York, NY**        **MARY KAY VYSKOCIL**
                 **United States District Judge**

---

[2] In its Motion, Plaintiff states that from the date of the Motion (November 13, 2020) until Judgment is entered, the interest accrual per day is $1,581.88.  *See* Rosenthal Decl. ¶ 19.  From November 13, 2020 until the date of this Order, 82 days have elapsed.  When Petitioner filed the Motion, total amount due to Petitioner was $7,525,283.09. *Id.*  Adding interest at $1,581.88 per day for 82 days results in a final judgment amount of $7,654,997.25.  This amount was confirmed with Petitioner's counsel at the hearing on February 3, 2021.